JUDGE SULLIVAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



12 CIV 0928

C=HOLDINGS B.V.

                Plaintiff,

v.

ASIARIM CORPORATION

and

LEVERAGED MARKETING
CORPORATION OF AMERICA

and

JOHN DOES NOS. 1-99

and

ABC CORPORATIONS 1-5

                Defendants.

Civil Action No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff C=Holdings B.V., formerly also known as Commodore International B.V. ("Commodore International" or "Plaintiff"), by and through its undersigned counsel, Gusy Van der Zandt LLP, as and for its Complaint against Defendant Asiarim Corporation ("Asiarim"), Defendant Leveraged Marketing Corporation of America ("LMCA"), Defendants John Does Nos. 1-99 and Defendants ABC Corporations 1-5 (Asiarim, LMCA, John Does Nos. 1-99 and ABC Corporations 1-5 collectively referred to as "Defendants"), alleges as follows. Allegations made on belief are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## PRELIMINARY STATEMENT

Plaintiff Commodore International is the owner of the world-renowned COMMODORE trademarks particularly famous for COMMODORE computers in the 1980s. Commodore International and its predecessors, directly and indirectly, have marketed and sold computers, other computer related equipment and software under the COMMODORE trademarks throughout the world and in the United States.

Defendant Asiarim, whose bankrupt Dutch subsidiary used to be shareholder of Commodore International, and the other Defendants, are using Plaintiff's COMMODORE trademarks without authorization, amongst others, through advertisements on Defendant's Internet website for products and/or services offered for sale under the COMMODORE trademarks.

Furthermore, Defendant Asiarim, spreads in bad faith, inconsistent, and false statements to the public in general, and to potential investors and licensing agencies in particular, that Asiarim or one of its subsidiaries is the owner of the COMMODORE trademarks. In addition, Asiarim's directors and legal counsel claim ownership of the COMMODORE trademarks in several letters to Plaintiff. All of these claims of ownership are and remain unsubstantiated and undocumented.

Defendants' unauthorized use of the COMMODORE trademarks constitutes trademark infringement, false designation of origin, unfair competition, and dilution in violation of Plaintiff's rights. In addition, Defendant Asiarim's false statements constitute defamation and tortious interference with Plaintiffs' prospective business advantages.

In an ultimate effort to save and protect the COMMODORE trademarks and Plaintiff's global business, Plaintiff seeks to stop and enjoin Defendants' infringing and dilutive conduct and Defendant Asiarim's false and defamatory statements and tortious interference with Plaintiff's prospective business advantage, and to recover compensatory and punitive damages

2

resulting from Defendants' unauthorized and unlawful acts.

## PARTIES

1.      Plaintiff Commodore International is a company with limited liability organized and existing under the laws of The Netherlands and has an office and principal place of business at Nassaulaan 4, 's-Gravenhage, NL-2514JS, the Netherlands.

2.      C=Holdings B.V. is the current legal name and only trade name of Plaintiff, as stated in the Dutch business registry ("*Handelsregister*"). Under Dutch law, Dutch companies must maintain a registration in this registry and keep it up to date at all times, and third parties can rely on the correctness of the information in the registry.

3.      The *Handelsregister* shows that between November 12, 1997 and March 10, 2010 the legal name and trade name of C=Holdings B.V. was "Commodore International B.V.", the name that is stated in the U.S. Commodore trademark registrations, as well as in trademark registers of more than 50 countries around the globe.

4.      On or about November 7, 2011, all outstanding shares of C=Holdings B.V. were transferred by means of Dutch notarial deed from "Commodore Licensing B.V.", a Dutch subsidiary of Asiarim, to Wilhelmus Maria Ebben and Jan Hoogstrate, both not related to Asiarim.

5.      Defendant Asiarim, upon information and belief, is a corporation organized under the laws of the State of Nevada and has an office and place of business at 50 West Liberty Street, Suite 880, Reno, Nevada 89501 and regularly conducts business in the State of New York. Asiarim is a public company whose stock is traded over-the-counter (OTC) under the ticker symbol, ARMC.

3

6.    Upon information and belief, Defendant Leveraged Marketing Corporation of America is a corporation formed and incorporated under the laws of the State of New York with its principal offices at 156 W 56th Street #1400, New York, NY 10019-3878.

7.    Defendants John Does Nos. 1-99 are named because Plaintiff continues to discover additional infringing acts by Defendant Asiarim and/or LMCA and requires expedited discovery to be able to name additional individual defendants.

8.    Defendants ABC Corporations 1-5 are named because Plaintiff continues to discover additional infringing acts by Defendant Asiarim and/or LMCA and requires expedited discovery to be able to name additional individual corporate defendants.

9.    Plaintiff reserves the right to amend this Complaint and add additional defendants should it turn out that there are any.

## JURISDICATION AND VENUE

10.   This is an action for trademark infringement and false designation of origin in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, 15 U.S.C. § 1114; dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); false advertising and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); injury to business reputation and dilution under N.Y. Gen. Bus. L. § 360-1; deceptive trade practices under N.Y. Gen. Bus. L. § 349; trademark infringement in violation of the common law; unfair competition in violation of the common law; libel under the common law; tortious interference with business prospects under the common law; and a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

11.   This Court has subject matter jurisdiction of the federal claims relating to trademark infringement, false designation of origin, unfair competition and dilution under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

12.    This Court has supplemental jurisdiction over the New York state claims pursuant to 28 U.S.C. § 1367(a), because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants have transacted business in and/or have committed tortious conduct within this judicial district, because the events or omissions giving rise to the claim occurred, in part, in the Southern District of New York.

### *The Famous COMMODORE Trademarks*

14.    Products sold and marketed under the COMMODORE trademarks outlined below include a wide range of computers, calculators and various other consumer electronics-related products and technology.

15.    As a result of the longstanding (in some cases going back to the 1960s and most famous in the 1980s), extensive, and widespread use, marketing and promotion of products under the COMMODORE trademarks, Plaintiff's COMMODORE trademarks are widely recognized by the general consuming public as a designation of source for computers and other products, which are now licensed by Commodore International to various manufacturers for use in connection to, amongst others, new products with COMMODORE styled retro looks.

16.    Commodore International owns all right, title and interest in and to the COMMODORE trademarks. Among other registrations, Commodore International owns a registration for computers, peripheral equipment for computers and data processing apparatus and installations, which is registered on the Principal Register of the United States Patent and Trademark Office ("USPTO") as follows (collectively, the "COMMODORE trademarks"):

      a.   Trademark: C – USPTO registration number 1242650.

      b.   Trademark: COMMODORE – USPTO registration number 1251535.

      c.   Trademark: C -COMMODORE – USPTO registration number 3067377.

d.   Trademark: C COMMODORE – USPTO registration number 3602588.

17.   Plaintiff's COMMODORE trademarks registrations are valid and subsisting and in full force and effect.

18.   Plaintiff's COMMODORE trademarks registrations provide constructive notice of Plaintiff's claim of ownership under 15 U.S.C. § 1072.

19.   In addition to Plaintiff's federal trademark rights, Plaintiff has substantial common law rights in and to its COMMODORE trademarks arising from years of use in the United States.

20.   Through the use of the COMMODORE trademarks and substantial investments in product development, marketing and advertising for more than two decades, and because of the widespread and favorable public acceptance and recognition, the COMMODORE trademarks have been the distinctive and famous designation of the source of origin for Commodore products for many years.  The COMMODORE trademarks are highly valuable assets and a symbol of Plaintiff's and/or its licensee's products and the good will associated therewith.

21.   Commodore International also owns all right, title and interest to the COMMODORE trademarks in more than 50 countries throughout the world, including Europe, China, Brazil and India.


**_Plaintiff's grant of license to now bankrupt Commodore Licensing B.V._**

22.   By way of a trademark license agreement dated February 11, 2010, Commodore International granted Commodore Licensing B.V., a Dutch subsidiary of Asiarim, a license, with the right of sublicensing the use of the COMMODORE trademarks. Commodore Licensing B.V. was declared bankrupt by the Dutch Court in Almelo, the Netherlands, on December 28, 2011.

23.   The Dutch Court appointed bankruptcy trustee confirmed and acknowledged by deed of January 10, 2012 the transfer of all shares of Commodore International to Mr. Ebben and Mr. Hoogstrate as set forth under para. 4 above (Article 1 of the deed).

24.   In the same deed, the trustee agreed and confirmed the termination of the license agreement between Commodore International and the bankrupt Commodore Licensing B.V. effective as of December 31, 2011 (Article 2 of the deed).

25.   The trustee rejected all sublicenses granted earlier by Commodore Licensing B.V. to other parties and agreed to refer such parties to Commodore International to continue or renew their sublicenses (Section 3.1 of the deed).

26.   At no time did Commodore Licensing B.V. grant any sublicense to Defendant Asiarim or Defendant LMCA.

27.   Within the U.S., Commodore Licensing B.V. had granted Commodore USA LLC, a company located in Florida which produces retro and modern computers that are sold and distributed under the COMMODORE trademarks throughout the United States, a sublicense which was rejected by the bankruptcy trustee of Commodore Licensing B.V. Subsequently, Commodore USA LLC entered into negotiations directly with Plaintiff Commodore International for a license.

28.   In addition, Commodore Licensing B.V. granted a sublicense to Asiarim Electronics Asia Limited (f/k/a Commodore Asia Holdings Limited) in January 2009, however, the bankruptcy trustee has terminated this sublicense.


### Asiarim's false and misleading statements about the COMMODORE trademark in public

29.   On or about January 5, 2012, on behalf of Asiarim, Mr. Ben van Wijhe, Director, CEO and President of Asiarim electronically filed with the Securities and Exchange Commission ("SEC"), a "Current Report on Form 8-K", stating, amongst others:

> "On January 2, 2012 Asiarim Corporation ("Asiarim") received a notice that one of our subsidiary company CIC Europe Holding B.V., (trading under the name Commodore Licensing B.V.) ("CLBV") has been declared bankrupt by the District Court of Almelo (the Netherlands) on December 28, 2011. The court has appointed a bankruptcy trustee (receiver). The case relates to a claim for outstanding rent amounting to Euro 286,000 which included rentals and costs for a lease period that was (9 months) beyond the contractual agreement.

> *Commodore Licensing B.V. was one of the subsidiary company that held the licensing rights to the brand Commodore. It also holds two other subsidiaries namely C= Holdings B.V. and Commodore Europe B.V., both companies were non-operational companies after the internal restructuring of the Asiarim group's business in early November 2011 when the European licensing operation was shifted from Europe to Hong Kong."*

30.   Commodore International is not a subsidiary of either Defendant Asiarim or Commodore Licensing B.V.

31.   On or about January 11, 2012, immediately after Commodore International received notice of the 8-K publication of January 5, 2012, counsel of Commodore International sent a cease and desist letter to Asiarim demanding, amongst others, immediate correction of the false statement that Commodore International is a subsidiary of Asiarim and the misleading statement that Asiarim or one of its entities would own any rights to the COMMODORE trademarks.

32.   On or about January 11, 2012, Commodore International issued a press release informing the public that the license agreement had been terminated and that Commodore International is the owner of the COMMODORE trademarks.

33.   On or about January 16, 2012, on behalf of Asiarim, Mr. Van Wijhe filed another "Current Report on Form 8-K", stating, amongst others:

> *On January 14, 2012 Asiarim Corporation ("Asiarim" or "Company") noticed that , C=HOLDINGS B.V. ("C=Holdings"), a former subsidiary company of the Company made an announcement on January 11, 2012, to claim the ownership and legal title of the 'Commodore' trade name and trademark designs. Asiarm has now issued a letter to C= Holdings to refute this claim since the Company's wholly owned subsidiary owns the legal title of the Commodore Trademark and Trade name*
> *Asiarim is currently seeking legal advice on this matter and shall reserve all rights to hold the parties directly liable and will claim all the damages as a consequence of the aforementioned statement **The Company will vigorously defend its ownership rights to the Commodore Trade name and Trademark designs.** (Emphasis in bold added)*

34.   The same day, on or about January 16, 2012, Asiarim sent a letter to Commodore International's counsel claiming, amongst others, that "*Asiarim Corporation, through its wholly owned subsidiaries, owns the brand ownership rights and Trademark of "Commodore"*".

8

35.    On or about January 26, 2012, David E. Price, Esq., U.S. counsel of Asiarim, sent a cease and desist letter to counsel of Commodore International, claiming, amongst others, that Asiarim itself and directly owns the "*Brand Rights and Trade Marks of Commodore*".

### Defendant Asiarim's Unauthorized Use of the COMMODORE trademarks on the worldwide web

36.    Defendant Asiarim's operate a website, http://www.asiarim.net, on which Defendant Asiarim advertises and promotes the sale of at least eight models of computer or computer-related products and/or services which infringe the Plaintiff's COMMODORE and related federal registered trademarks, including the UMMD 8010 C, the UMMD 8010 F, the UMMD 8010F "INTEL ATOM," the UMMD 8010J, the NETBOOK M400, the NETBOOK M450F, the MID 430 and the MID 500.

37.    Asiarim's use of the COMMODORE trademarks in its business activities, and its false claim of ownership thereto have been published on the Internet to the entire world, and Commodore International's customers and business partners, as well as consumers of Commodore-branded products, have become aware of these statements and the use of the COMMODORE trademarks.  In addition, Asiarim's statements that Commodore International does not own the COMMODORE and related intellectual property has been published on the Internet to the entire world, and Commodore International's customers and business partners, as well as consumers of Commodore-branded products, have become aware of these statements.

### Asiarim's and LMCA's Unauthorized Use of the COMMODORE trademarks

38.    Upon information and belief, during January 2012, and continuing to this date, Defendants are actively marketing and entering into agreements with parties with regard to the licensing of the COMMODORE trademarks, including but not limited to parties in New York City.

39.   Upon information and belief, Asiarim has been in contact with, and negotiated an agreement with LMCA in New York City, a strategic brand licensing company, a fact that Plaintiff learned while searching additional licensing opportunities for the COMMODORE trademarks and related intellectual property.   This is one of potentially many companies that Asiarim has been in contact with and marketing to in New York, offering its products under the COMMODORE trademarks.

40.   Because of the unlawful actions of Asiarim and its unauthorized use of the COMMODORE trademarks, Plaintiff is excluded from doing business with LMCA and others.   In addition, Asiarim's unlawful actions and unauthorized use of the COMMODORE trademarks have caused confusion in the marketplace as to the ownership rights in the marks.

41.   Defendants' unauthorized use of the COMMODORE trademarks comes well after the mark became famous.

42.   Plaintiff has not consented to or authorized Defendants to use Plaintiff's famous federally registered COMMODORE trademarks in connection to its business activities.

43.   Upon information and belief, Defendants are continuing to use the COMMODORE trademarks despite actual knowledge of Plaintiff's substantial use of and exclusive rights to the COMMODORE trademarks.

44.   Defendants' use of the COMMODORE trademarks is likely to cause confusion or mistake or deceive consumers into thinking that Defendants and their products/business activities are authorized by, affiliated, connected or otherwise associated with Plaintiff.

**COUNT ONE**
INFRINGEMENT OF FEDERAL TRADEMARKS, REGISTRATION
NOS. 1242650, 1251535, 3067377 AND 3602588
(15 U.S.C. § 1114)

45.   Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46.   Plaintiff is the owner of the Federal Trademark Reg. Nos. 1242650, 1251535, 3067377 and 3602588.   These registrations are now valid, subsisting, uncancelled and unrevoked.

47.   As of the date of the filing of this Complaint, Plaintiff has actively engaged in expanding its use and exploitation of the COMMODORE trademarks in connection to computer-related products in interstate commerce throughout the United States, including in the State of New York.

48.   Defendants have, without the consent of Plaintiff, used in commerce trademarks that are confusingly similar if not identical to Plaintiff's COMMODORE trademarks in connection with the sale, offering for sale, distribution advertising and/or marketing of goods, and such use is likely to cause confusion or to cause mistake or to deceive.

49.   Specifically, Defendants have infringed upon Plaintiff's COMMODORE trademark rights in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising the sale of products and/or services under the COMMODORE trademarks, as well as the sale, promotion and advertising of computers and computer related equipment under the COMMODORE trademarks of a type virtually identical to the type of computer and computer-related products offered by Plaintiffs including but not limited to models UMMD 8010 C, t he UMMD 8010 F, the UMMD 8010F "INTEL ATOM", the UMMD 8010J, the NETBOOK M400, the NETBOOK M450F, the MID 430 and the MID 500, and the operation of the Internet website, www.asiarim.net, prominently displaying, advertising, and promoting its computer and computer-related products under the COMMODORE trademarks.

50.   Defendant Asiarim granted Defendant LMCA a license with respect to the COMMODORE trademarks and LMCA started using the COMMODORE trademarks for purposes of sublicensing to parties presently unknown to Plaintiff.

51.   Defendants' use of the COMMODORE trademarks in connection with the sale and/or license of the COMMODORE trademarks as well as in connection with computer and computer-

related products is without permission or authority of the Plaintiff and said use is likely to cause confusion, to cause mistake and/or to deceive.

52. Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its federally registered COMMODORE trademarks.

## COUNT TWO
### DILUTION OF A FEDERAL TRADEMARKS
(15 U.S.C. § 1125(c))

53.   Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54.   Plaintiff's COMMODORE trademarks are famous since the 1960s and entitled to protection under 11 U.S.C. § 1125(c) from dilution.

55.   Defendants' use of the COMMODORE trademarks began after Plaintiff's COMMODORE trademarks became famous.

56.   By blurring and/or tarnishing, the above acts of Defendants actually diluted and are likely to dilute and/or impair the distinctiveness of Plaintiff's COMMODORE trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

57.   The aforesaid acts of Defendants have been intentional, willful, and in bad faith.

58.   Plaintiff has been and is likely to be damaged by Defendants' infringing and unlawful acts.

59.   The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

60.   Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof pursuant to 15 U.S.C. § 1116.

## COUNT THREE
### FALSE ADVERTISING AND UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

61.    Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62.    Defendants have unlawfully used the Plaintiff's COMMODORE trademarks in commercial advertising and/or promotional materials, and the aforesaid acts of Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants or Defendants' goods or commercial activities with Plaintiff or Plaintiff's goods or commercial activities.

63.    The aforesaid acts of Defendants constitute false designation of origin, false and misleading descriptions and representations and unfair competition in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64.    The aforesaid acts of Defendants have been intentional, willful and in bad faith.

65.    Plaintiff has been and is likely to continue to be damaged by Defendants' infringing and unlawful acts.

66.    The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

67.    Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof pursuant to 15 U.S.C. § 1116.

## COUNT FOUR
### INJURY TO BUSINESS REPUTATION AND DILUTION
### (N.Y. Gen. Bus. L. § 360-1)

68.    Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 67 of this Complaint as if fully set forth herein.

69.   Defendants' unauthorized use of the COMMODORE trademarks in connection with the goods or services they provide has injured and continues to injure Plaintiff's business reputation, in violation of N.Y. Gen. Bus. L. § 360-1.

70.   The aforesaid acts of Defendants have been intentional, willful and in bad faith.

71.   Plaintiff has been and is likely to be damaged by Defendants' infringing and unlawful acts.

72.   The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

73.   Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief.

### COUNT FIVE
DILUTION UNDER N.Y. GEN. BUS. L. § 360-1

74.   Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 73 of this Complaint as if fully set forth herein.

75.   Plaintiff's COMMODORE trademarks are famous and entitled to protection from trademark dilution.

76.   Defendants used the COMMODORE trademarks after Plaintiff's COMMODORE trademarks became famous.

77.   The above acts of Defendants have diluted the distinctive quality of Plaintiff's COMMODORE trademarks in violation of N.Y. Gen. Bus. L. § 360-1.

78.   The aforesaid acts of Defendants have been intentional, willful, and in bad faith.

79.   Plaintiff has been and is likely to be damaged by Defendants' infringing and unlawful acts.

80.   The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

81.   Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief.

14

**COUNT SIX**
DECEPTIVE TRADE PRACTICES UNDER N.Y. GEN. BUS. L. § 349

82.    Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 81 of this Complaint as if fully set forth herein.

83.    Defendants' unauthorized use of the COMMODORE trademarks in connection with the goods and/or services they provide is deceptive and misleading and is likely to damage the public

84.    The aforesaid acts of Defendants have been intentional, willful and in bad faith.

85.    Plaintiff has been and is likely to be damaged by Defendants' infringing and unlawful acts.

86.    The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

87.    Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief.


**COUNT SEVEN**
COMMON LAW TRADEMARK INFRINGMENT

88.    Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 87 of this Complaint as if fully set forth herein.

89.    The aforesaid acts of Defendants constitute trademark infringement in violation of common law.

90.    The aforesaid acts of Defendants have been intentional, willful and in bad faith.

91.    Plaintiff has been and is likely to be damaged by Defendants' infringing and unlawful acts.

92.    The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

93.   Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof.

## COUNT EIGHT
COMMON LAW UNFAIR COMPETITION

94.   Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 93 of this Complaint as if fully set forth herein

95.   The aforesaid acts of Defendants constitute unfair competition in violation of common law.

96.   The aforesaid acts of Defendants have been intentional, willful and in bad faith.

97.   Plaintiff has been and is likely to be damaged by Defendants' infringing and unlawful acts.

98.   The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

99.   Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof.

## COUNT NINE
LIBEL

100.  Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 99 of this Complaint as if fully set forth herein.

101.  The statements contained in the 8-K documents published by Asiarim are false.

102.  Asiarim knew the statements to be false and acted intentionally when they caused the 8-K documents to be published as advertising and promotional materials.

103.  The statements stated that Plaintiff was dishonest in its business and/or that Plaintiff was violating the law. The statements are defamatory per se, thereby entitling Plaintiff to recover presumed damages.

104. Asiarim's conduct is so malicious and egregious as to warrant punitive damages.

105. As a direct and proximate result, Plaintiff has suffered, continues to suffer, and will continue to suffer loss of income, damage to its business reputation and other damage to its business and damage to the good will associated with its intellectual property.

**COUNT TEN**
TORTIOUS INTERFERENCE WITH CONTRACT AND
PROSPECTIVE BUSINESS ADVANTAGE

106. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 105 of this Complaint as if fully set forth herein.

107. Plaintiff's licensing of the COMMODORE trademarks represents valid prospective business advantage and/or expectancy for Plaintiff that is sufficiently definite, specific and capable of acceptance, in that there is a reasonable probability of it maturing into a future economic benefit to Plaintiff.

108. Specifically, Plaintiff's negotiations regarding a licensing agreement with Commodore USA LLC concerns a business contract for the licensing of the COMMODORE trademarks, and Plaintiff's sales pitches and investigatory phone calls with LMCA and other licensing companies constitute prospective business relationships.

109. Defendants were fully aware of Plaintiff's contracts and/or prospective business advantages or expectancies related to the COMMODORE trademarks.

110. Through the false statements made in the 8-K documents and during negotiations and meetings with LMCA and others, Asiarim undertook, with purposeful intent, a campaign to interfere with, and impairment of, Plaintiff's business contracts and/or business advantages or expectancies.

111. As a direct and proximate result, Plaintiff has suffered actual damages in the amount to be determined at trial.

## COUNT ELEVEN
UNJUST ENRICHMENT

112. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 111 of this Complaint as if fully set forth herein.

113. Defendants have received both money and benefits at the expense of Plaintiff that, in good conscience, should be provided to Plaintiff. Defendants were unjustly enriched by participating in the distribution of, and receipt of, the proceeds of the sale or licensing of products and or services which infringe upon Plaintiff's COMMODORE trademarks. Defendants unjustly received proceeds to which Plaintiff is entitled.

114. Defendants' unjust enrichment was at the expense of Plaintiff. It is against equity and good conscience to permit Defendants to retain the proceeds that should have been unjustly received by Defendants.

115. As a direct and proximate result, Plaintiff has suffered damages and should recover from Defendants in an amount to be determined at trial.

## COUNT TWELVE
DECLARATORY JUDGMENT

116. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 115 of this Complaint as if fully set forth herein.

117. Plaintiff is entitled to and demands a judgment declaring that Plaintiff is the owner of all right, title and interest in and to the COMMODORE trademarks and that they are famous, and that Defendants' unauthorized use of the COMMODORE trademarks infringes and dilutes Plaintiff's COMMODORE trademarks.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a final judgment against Defendants as follows:

(a)     preliminarily and permanently enjoining and restraining Defendants, their directors and officers, agents and employees, and successors and anyone acting in active concert or participation with or at the behest or direction of any of them, from using Plaintiff's COMMODORE trademarks, and any other designation that is comprised of or incorporates COMMODORE trademarks, any colorable imitation thereof, or any otherwise confusingly similar mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services relating to computer or related products;

(b)     preliminarily and permanently enjoining and restraining Defendants, their directors and officers, agents and employees, and successors and anyone acting in active concert or participation with or at the behest or direction of any of them, from using Plaintiff's COMMODORE trademarks, and any other designation that is comprised of or incorporates COMMODORE trademarks, any colorable imitation thereof, or any otherwise confusingly similar mark diluting the COMMODORE trademarks in connection with the sale, offering for sale, distribution, or advertising of any goods or services

(c)     preliminarily and permanently ordering that Defendants recall from all distributors, wholesalers, jobbers, dealers, consignees and retailers and deliver to Plaintiff any computer or computer related products bearing the COMMODORE trademarks, and other designation that is comprised of or incorporates COMMODORE trademarks, any colorable imitation thereof, or any otherwise confusingly similar mark;

(d)     ordering that all labels, packaging, wrappers, manuals, signs, prints, banners, posters, brochures, or any other advertising, marketing, or other promotional materials bearing Plaintiff's COMMODORE trademarks, as outlined above, and any other designation that is comprised of or incorporates COMMODORE trademarks, any colorable imitation thereof, or any otherwise confusingly similar mark, be destroyed;

(e)     ordering that all licensing agreements and/or any other agreement relating to the COMMODORE trademarks including but not limited to any agreement with

LMCA, be disclosed to Plaintiff and that each contact that Defendants have made false statements to regarding the ownership of Plaintiff's COMMODORE trademarks and related intellectual property rights be disclosed to Plaintiffs, listed by date of contact;

      (f)      ordering that each Defendant file with the Court and serve on Plaintiff's counsel within 30 days after service of the injunction, written report, sworn under oath, setting forth in detail the manner and form in which each Defendant has complied with the injunctions and orders;

      (g)      declaring that Plaintiff is the registered owner of the famous COMMODORE trademarks and that Defendants' unauthorized use of the COMMODORE trademarks infringes and dilutes Plaintiff's COMMODORE trademarks;

      (h)      declaring that Defendant's infringement and dilution were knowing, intentional, and willful;

      (i)      awarding Plaintiff compensation for damages, injury or harm incurred as a result of Defendants' unlawful conduct;

      (j)      ordering full restitution and/or disgorgement of all profits and benefits that may have been obtained by Defendants as a result of their wrongful conduct;

      (k)      awarding Plaintiff treble damages resulting from Defendants' willful and intentional conduct;

      (l)      awarding Plaintiff punitive and exemplary damages;

      (m)      assessing and awarding Plaintiff's costs of this action and Plaintiff's attorneys' fees against Defendants; and

      (n)      ordering or awarding any other such relief the Court deems just and proper.

DATED:     New York, New York
           February 6, 2012

                              GUSY VAN DER ZANDT LLP

                              *Martin Gusy*

                         By:_____
                              Martin F. Gusy (MG2504)
                              Matthew J. Weldon (MW9836)
                              500 Fifth Avenue, Suite 1410
                              New York, New York 10110
                              (646) 502-8066

                              *Attorneys for Plaintiff C=Holdings B.V.*