UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED

12/29/2014

C=HOLDINGS B.V.,

        Plaintiff,

-v-

ASIARIM CORP., *et al.*,

        Defendants.

No. 12-cv-928 (RJS)
<u>ORDER</u>

RICHARD J. SULLIVAN, District Judge:

  The Court is in receipt of the attached letter from Plaintiff, dated December 23, 2014, which requests clarification and modification of the Court's December 11, 2014 Order (Doc. No. 110), and the attached responsive letter from Defendant, dated December 29, 2014. Plaintiff seeks to show that "the monies in the [GBC Bank] Account are Asiarim's assets, or have been fraudulently transferred by means of changing the account holder." Plaintiff also states that it "anticipates filing a separate action against GBC Bank for a writ of execution and turnover order" and that the Court would have diversity jurisdiction over such an action.

  Plaintiff's present intentions were not at all clear from its June 10, 2014 letter, which instead only put forth the substantive theory of veil-piercing to support its request for a writ of execution. (Doc. No. 104 (arguing that "Asiarim's corporate veil should be pierced").) Accordingly, the Court denied Plaintiff's request without full briefing because it was clear that Plaintiff could not pursue its claim as a veil-piercing action. Plaintiff concedes as much in its December 23 letter, but now argues that the GBC Bank Account monies are in fact Asiarim's assets – a fact that Plaintiff now intends to demonstrate in a separate action. Because nothing in

the Court's December 11 Order precludes Plaintiff from pursuing such an alternative means of obtaining its requested relief, the Court declines to modify its December 11 Order other than to correct a typographical error in the last sentence. The Court's Order should now read: "Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's request for a writ of execution and turnover order is deemed made and denied."

SO ORDERED.

Dated:   December 29, 2014
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE



December 23, 2014

**Martin F. Gusy**
Direct Phone 212-453-3723
Direct Fax 646-461-2070
mgusy@cozen.com

**VIA EMAIL**

Hon. Richard J. Sullivan
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: **C=Holdings B.V. v. Asiarim Corp. et al., 12-cv-928 (RJS)**
**Pre-Motion Letter for Reconsideration, Clarification and/or Modification**

Dear Judge Sullivan:

We respectfully write relating to the Court's Order dated December 11, 2014 (DE 110) (the "Order") , which deemed Plaintiff C=Holdings B.V.'s request (anticipated motion) for a pre-motion conference for a writ of execution and turnover order directed at GBC International Bank ("GBC Bank") made and denied. Pursuant to Local Civil Rule 6.3, Plaintiff seeks clarification and to the extent necessary, modification, of the Order as specified below.

First, Plaintiff has not conceded, and it has not yet been shown, that the monies in the Account are "Reorient's assets." This is precisely the opposite of what Plaintiff would endeavor to show – Plaintiff has a basis to believe and would aim to show that the monies in the Account are assets which Asiarim has an interest in. In the language of CPLR 5225(b), Plaintiff may seek a turnover order "against a person in possession or custody of money…in which the judgment debtor has an interest, or against a person who is a transferee of money…from the judgment debtor."[1] Therefore, under *Epperson v. Etm't Express, Inc.*, the Court would have ancillary jurisdiction over the action. *Epperson*, 242 F.3d 100, 106-107 (2d Cir. 2006) (finding that the

---

[1] Plaintiff can make out a prima facie claim that Asiarim has an interest in the Account, or is the true or beneficial owner of the monies in the Account. Plaintiff can show that Asiarim claimed the Account was its bank account, and that Cecil Ho began to open the Account in the name of Asiarim but then changed it to the name of Reorient at about the same date as Asiarim claimed to own the Account. Plaintiff can also show that Cecil Ho was a managing agent of Asiarim during this same time. Furthermore, Plaintiff can show that GBC Bank is not listed as one of Reorient's banking institutions in its 2014 annual report. Asiarim did not submit any response to C=Holdings pre-motion letter. Given that both Reorient and GBC Bank refuse to give any details as to where the money in the Account came from and where payments from the Account have been made, Reorient and GBC Bank have not contravened that Asiarim has an interest in the Account either

LEGAL\21825190\1

Hon. Richard J. Sullivan
December 23, 2014
Page 2

court has ancillary enforcement jurisdiction when the judgment creditor targets assets of the judgment creditor in the hands of a third party).

Plaintiff's initial request was for a pre-motion conference, DE 104, and consequently Plaintiff did not present or develop the entire range of bases for the Court to issue a writ of execution and turnover order with relation to the Account held at GBC Bank. The focus on alter ego theories, likely premature in any event, is not necessary to Plaintiff's request for a writ of execution and turnover order, and will not be the main thrust of Plaintiff's showing in a separate action for the issuance of the writ of execution and a turnover order. As outlined above, the gravamen of Plaintiff's anticipated motion or separate action is to show that the monies in the Account are Asiarim's assets, or have been fraudulently transferred by means of changing the account holder.

Second, there is also an independent basis for jurisdiction in a proceeding against GBC Bank for a writ of execution and a turnover order targeted at the assets in the Account. Plaintiff merely seeks the opportunity to make a showing that Asiarim has an interest in the Account in question. To wit, Plaintiff anticipates filing a separate action against GBC Bank for a writ of execution and turnover order in the amount of the Judgment, $1,272,696.50, which the Court has an independent basis for subject matter jurisdiction over pursuant to 28 U.S.C. § 1332 – diversity jurisdiction would exist because there is complete diversity and the monetary threshold is met.[2] In such an action, Plaintiff would expect Reorient to intervene as provided in CPLR 5225(b), and the Court may then determine its rights in the Account, if any, in accordance with CPLR 5239.

Thus, along with the correction of a typo regarding the moving party in the final sentence of the Order, we therefore request that the Order be modified as follows, or for any other or further relief that the Court finds just and proper:

> Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's motion for a writ of execution and turnover order seeking to assert alter ego and veil-piercing claims is deemed made and denied without prejudice to Plaintiff filing a separate action pursuant to Fed. R. Civ. P. 69(a) and NY CPLR 5225(b) properly falling within the Court's ancillary enforcement jurisdiction or properly alleging an independent basis for subject matter jurisdiction. Nothing in this order establishes the rightful owner of the assets in the Account.

Respectfully,

COZEN O'CONNOR


By:   /s/Martin F. Gusy

cc:   Fredric Aaron, Esq. (Counsel for Asiarim Corporation) *(via email)*
      Roger Yuen, Esq. (Counsel for GBC International Bank) *(via email)*
      Felix Woo, Esq. (Counsel for Reorient) *(via email)*

---

[2] Plaintiff would not bring alter ego and veil-piercing claims in such an action, in accordance with the Court's well-taken discussion of *Epperson* in the Order.

LEGAL\21825190\1

# FREDRIC H. AARON
Attorney at Law

1670 Old Country Rd. Suite 203
Plainview, New York 11803
Tel: (516) 802-1130 • Fax: (516) 802-1131
FredAaron.law@online.net

December 29, 2014

Hon. Richard J. Sullivan
United States District Court                    *Via E-mail*
Southern District of New York                   sullivannysdchambers@nysd.uscourts.gov
500 Pearl Street, Room 640
New York, New York 10007

Re: Case 1:12-cv-00928-RJS
C Holdings BV v. Asiarim Corp
Response to Plaintiff's Pre-Motion Letter for
Reconsideration, Clarification and/or Modification

To the Honorable Judge Sullivan:

We are writing in response to the letter dated December 23, 2014 from Martin F. Gusy, counsel to Plaintiff C Holdings BV ("CHBV"). As a threshold matter, we would like to point out that, despite our best efforts, we have not received any response from our client, Asiarim Corporation, to the allegations contained in Mr. Gusy's letter. Nevertheless, we are filing the attached on behalf of our client, but since we have not heard from our client in over six months, do not take any position on the factual matters underlying Mr. Gusy's letter and will focus solely on the legal merits.

We have reviewed the Court's Decision and Order dated December 11, 2014 (D.I. 110) (the "Decision and Order") and do not see any reason for reconsidering, clarifying or modifying anything contained therein. The Court clearly and succinctly stated the law on the issue at hand, and denied Mr. Gusy's motion on lack of subject matter jurisdiction. It is our position that this was justified based on the applicable law.

Furthermore, Mr. Gusy does not provide any basis for reconsideration of his motion. Reconsideration of a court's ruling is appropriate if the court overlooked "factual matters that were presented to it on the underlying motion that would have altered its conclusion." United States v. Wilson, 2012 WL 6962982, at *3 (S.D.N.Y. Jan. 1, 2013) (citing Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration of a ruling is also justified by "the availability of new evidence not previously available." Virgin Atl. Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1256 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478, at 790). Rather than point to factual errors in the Decision and Order, provide new evidence, or point to new controlling law, Mr. Gusy simply rehashes the same arguments he proposed in his original pre-motion letter dated June 10, 2014 (D.I. 104). All of these arguments, evidence and cases were addressed

Hon. Richard J. Sullivan
United States District Court
December 29, 2014

by the Decision and Argument and rejected therein. Mr. Gusy is simply trying to have another bite of the apple, one to which he is not entitled based on the rules governing motions for reconsideration in the Second Circuit.

We would like to point out that nothing in the Decision and Order precludes Mr. Gusy from attempting to enforce the judgment (DE 103) in a court of competent jurisdiction in Los Angeles County, provided that he complies with all of the procedural and evidentiary rules therein. Assuming arguendo that there is any merit to the claims made by Mr. Gusy regarding the Reorient bank account, then we suggest that Mr. Gusy consider availing himself of such opportunities as exist in Los Angeles County instead of continuing to waste the Court's time.

Very truly yours,

Fredric H. Aaron, Esq.

cc: Martin Gusy, Esq. (counsel to CHBV)
    Mathew Weldon, Esq. (counsel to CHBV)
    David F. Price, Esq.
    Felix T. Woo, Esq. (counsel to RUSA)
    Oscar N. Pinkas (counsel to RUSA)
    Roger Yuen, Esq. (counsel to GBC)
    Ben van Wijhe, CEO of Asiarim Corporation